IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAMICIA SANDERS                                                    PLAINTIFF
*On behalf of* M.S., a Minor

vs.                                    Civil No. 4:16-cv-04076

NANCY A. BERRYHILL                                                 DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Tamicia Sanders ("Plaintiff") brings this action on behalf of M.S., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying M.S.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed an SSI application on behalf of M.S. on July 23, 2013. (Tr. 20, 144-163). With this application, Plaintiff alleges M.S. is disabled due to anger problems and asthma. (Tr. 179). Plaintiff alleges M.S.'s onset date was October 16, 2011. (Tr. 20). This application was denied initially and again upon reconsideration. (Tr. 59-67).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on this denied application. This hearing request was granted, and Plaintiff's administrative hearing was held on April 14, 2015 in Texarkana, Arkansas. (Tr. 36-58). At this hearing, Plaintiff and M.S. were present and were represented by Greg Giles. *Id.* Plaintiff and M.S. testified at this hearing. *Id.*

On June 5, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of M.S. (Tr. 17-32). In this decision, the ALJ determined M.S. was an older infant on the date his application was filed and was currently a preschooler. (Tr. 23, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 23, 2013, M.S.'s application date. (Tr. 23, Finding 3). The ALJ determined M.S. had the following severe impairments: attention deficit hyperactivity disorder; oppositional defiance disorder; development delays; and asthma. (Tr. 23, Finding 3). The ALJ also determined, however, that none of M.S.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 23-31, Findings 4-5).

In assessing whether M.S.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 23-31, Finding 5). Specifically, the ALJ determined M.S. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) marked limitation in moving about and manipulating objects; (5) less than marked limitation in ability to care for herself; and (6) less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined M.S. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of the ALJ's decision. (Tr. 31,

Finding 6).

Thereafter, on June 29, 2015, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 15). On July 6, 2016 the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 5, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 16, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),

3

which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2013, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

4

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

3. **Discussion:**

In Plaintiff's appeal brief, she raises two arguments: (A) the ALJ erred in finding M.S.'s impairments did not meet the requirements of Listings 112.10, 112.12, and 101.00; and (B) the ALJ erred in finding M.S.'s impairments were not functionally equivalent to the Listings. ECF No. 11 at 1-20. The Court will evaluate both of these arguments for reversal.

5

A.  **Listings**

Plaintiffs claim the ALJ erred by finding M.S.'s impairments did not meet the requirements of Listings 112.10, 112.12, and 101.00.  ECF No. 11 at 7-9.  Upon review of this argument, however, Plaintiff does not specify *how* the ALJ erred.  Instead, Plaintiff merely recites the Listings 112.10, 112.12, and 101.00 and then claims M.S.'s impairments meet those requirements.

Plaintiff has the burden of demonstrating M.S.'s impairments meet all of the requirements of these Listings.  *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004).  Here, Plaintiff has not made that demonstration; accordingly, she has not met her burden.  Thus, the Court cannot find the ALJ erred in finding M.S.'s impairments did not meet the requirements of 112.10, 112.12, and 101.00.

B.  **Functional Equivalence**

As noted above, the ALJ evaluated six domains of functioning to determine functional equivalence: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being.  In the present action, Plaintiff claims M.S. has a marked limitation in each of these six domains of functioning.  ECF No. 11 at 9-20.  The Court will address each of these domains separately.

1.  **Acquiring and Using Information**

Plaintiff claims M.S. has a marked limitation in this domain of functioning.  ECF No. 11 at 9-11.  In his opinion, the ALJ determined Plaintiff had a "less than marked limitation in acquiring in using information." (Tr. 26).  The ALJ based this determination upon the following:

> The claimant has less than marked limitation in acquiring and using information.
> The claimant is in regular pre-Kindergarten classes.  His teacher reported no

limitations in this domain. (Exhibit 10E) However, IQ testing, discussed above, resulted in scores in the 70's or 80's. The administrator observed that the claimant's performance during testing was impaired or borderline in the areas of inattention, impulsivity, and information. His mother testified that he is slower and it takes him longer to understand things. Although the claimant does not have formal grades at this point, it is reasonable that his ADHD affects his ability to acquire and use information. He therefore has less than marked limitations in this domain.

*Id.* Upon review of these reasons and Plaintiff's briefing on this issue, the Court finds no basis for reversing the ALJ's decision on this domain of functioning.

### 2. Attending and Completing Tasks

Plaintiff claims M.S. has a marked limitation in this domain of functioning. ECF No. 11 at 11-12. In his opinion, the ALJ determined Plaintiff had a "less than marked limitation in attending and completing tasks." (Tr. 27). The ALJ based this determination upon the following:

> The claimant has less than marked limitation in attending and completing tasks. The claimant is being treated for attention deficit hyperactivity disorder with counseling and therapy. This diagnosis is confirmed by neuropsychological testing of Dr. Otero (Exhibit 7F). His teacher reported that he had "a serious problem" in sustaining attention during play/sports activities and focusing long enough to finish an assigned activity or task, as well as a "serious" problem in working without distracting himself or others. (Exhibit 10E) His mother testified that he is not taking medication at this time and that his teacher told her he does not pay attention and will not sit still. However, he is undergoing occupational therapy for developmental delays and his mother reported improvement since beginning regular therapy. At the mental status examination conducted on September 20, 2013 at Southwest Arkansas Counseling and Mental Health Clinic, the claimant was observed to follow directions well and he played quietly when not being interviewed. The examining nurse practitioner, Ms. Jenna Campbell, did not diagnose the claimant with attention deficit hyperactivity disorder. (Exhibit 3F) In light of variable diagnosis and general improvement in all areas with occupational therapy, the claimant has demonstrated less than marked limitations in attending and completing tasks.

*Id.* Upon review of Plaintiff's briefing on this issue and the ALJ's opinion, the Court finds no basis for reversing the ALJ's decision on this domain of functioning

### 3. Interacting and Relating with Others

Plaintiff claims M.S. has a marked limitation in this domain of functioning. ECF No. 11 at 12-13. In his opinion, the ALJ determined Plaintiff had a "less than marked limitation in interacting and relating with others." (Tr. 28). The ALJ based this determination upon the following:

> The claimant has less than marked limitation in interacting and relating with others. The claimant has a history of behavioral problems, with symptoms of aggressive behavior, anger outbursts, disrespectful to adults, and misbehaving at school. He has been diagnosed with conduct disorder, personality disorder and oppositional defiant disorder. He underwent mental status examination on September 20, 2013 at Southwest Arkansas Counseling and Mental Health Clinic. His mother reported that children do not play with him. Mental status examination revealed that he was cooperative with th examiner, and no Axis II diagnosis was made. (Exhibit 3F) His teacher reported no problems in this domain. (Exhibit 10E) His mother testified that he continues to have problems controlling his temper and will throw things when he has a tantrum. However, she testified that his behavior has improved with therapy. Again, since reports are variable and he appears to be improving. He therefore has less than marked limitations in interacting and relating with others.

*Id.* Upon review of Plaintiff's briefing on this issue and the ALJ's opinion, the Court finds no basis for reversing the ALJ's decision on this domain of functioning

### 4. Moving About and Manipulating Objects

Plaintiff claims M.S. has a marked limitation in this domain of functioning. ECF No. 11 at 13-15. In his opinion, the ALJ determined Plaintiff had a marked limitation in this domain. (Tr. 29). Thus, Plaintiff does not dispute the ALJ's finding, and the Court finds no basis for reversal on this issue.

### 5. Caring for Himself

Plaintiff claims M.S. has a marked limitation in this domain of functioning. ECF No. 11 at 15-16. In her briefing, however, Plaintiff does not provide *any argument* as to how M.S. has a marked limitation in this domain. *Id.*

Upon review of Plaintiff's briefing on this issue and the ALJ's opinion, the Court finds no basis for reversing the ALJ's decision on this domain of functioning

### 6. Health and Physical Well-Being

Plaintiff claims M.S. has a marked limitation in this domain of functioning. ECF No. 11 at 16-18. In his opinion, the ALJ determined Plaintiff had a "less than marked limitation in health and physical well-being." (Tr. 31). The ALJ based this determination upon the following:

> <u>The claimant has less than marked limitation in health and physical well-being</u>. Review of the medical records reveal that the claimant has a history of asthma. He is followed at Collom & Carney Clinic. Chest X-rays, dated March 11, 2013, showed pulmonary hyperinflation and peribronchial thickening, worse on the right, consistent with a history of asthma. He is treated with an Albuterol Nebulizer and occasional steroid therapy, with good results. He has not required emergency room treatments, as his mother reported that he responds well to breathing treatments at home. (Exhibits 1F, 7F/2, 8F/5, and 10F) On October 28, 2013, the claimant sought treatment by a pulmonary and sleep specialist, Dr. Christopher Bailey. Complaints included frequent snoring, nocturnal restlessness, and daydreaming. Polysomnogram testing revealed sleep apnea and C-PAP was recommended. (Exhibit 4F) His teacher reported no limitations in health and physical well-being. (Exhibit 10E) His mother testified that he plays outside, but has problems sleeping at night. While he may experience sleep problems related to his asthma, his asthma is otherwise well controlled, with no exacerbations requiring emergency room treatment and good responses to breathing treatments. He therefore has less than marked limitations in this domain.

*Id.* Upon review of Plaintiff's briefing on this issue and the ALJ's opinion, the Court finds no basis for reversing the ALJ's decision on this domain of functioning

Because the Court cannot find a basis for reversal as to any of these domains of functioning, the Court likewise finds no basis for reversal in this case.

### 4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of M.S. is supported by substantial evidence and should be affirmed. A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of June 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE